THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONSTRUCTION WORKERS PENSION TRUST FUND LAKE COUNTY AND VICINITY,<br><br>     Plaintiff,<br> v.<br><br>MICHUDA CONSTRUCTION, INC.,<br>an Illinois Corporation,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## C O M P L A I N T

  Plaintiff, CONSTRUCTION WORKERS PENSION TRUST FUND LAKE COUNTY AND VICINITY, by and through its Attorney, Robert B. Greenberg, of Asher, Gittler & D'Alba, Ltd., complaining of the Defendant, MICHUDA CONSTRUCTION, INC., an Illinois Corporation, as follows:

  1. This action is brought under the provisions of Sections 502 (a)(3) and (g)(2) and Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C., Secs. 1132(g)(2), (a)(3), and 1145.

  2. Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA [29 U.S.C. Sec. 1132(e)(1) and (e)(2)], which states in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

3. The CONSTRUCTION WORKERS PENSION TRUST FUND LAKE COUNTY AND VICINITY ("Fund") has been established pursuant to collective bargaining agreements heretofore entered into between CONSTRUCTION WORKERS, ("Union") and Defendant, and the Fund is maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the Fund is administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

4. The Fund office is located at 2111 West Lincoln Highway (Route 30), Merrill-ville, Indiana 46410, and the Fund is administered in the Northern District of Indiana.

5. As provided in the Trust Agreement, Plaintiff is required to receive, hold and manage all monies required to be contributed to the Fund in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreement.

6. Defendant is an employer engaged in an industry affecting commerce and maintains its principal place of business at 11204 S. Western Ave., Chicago, Illinois 60643.

7. Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement or agreements referred to herein, by the terms of which Defendant was required to contribute to the Funds.

8. That from January 1, 2015, through September 30, 2016, Defendant has employed, and will continue in the future to employ, diverse number of individuals which are unknown to Plaintiff but are known to Defendant on whose behalf Defendant has failed to report and remit contributions.

9. Plaintiff is entitled to an accounting from Defendant, said accounting to state the number of individuals regularly employed by Defendant, including those regularly employed on a part-time basis, and the length of time all said individuals were employed by Defendant for the period January 1, 2015, through September 30, 2016.

10. Plaintiff, in its behalf, and on behalf of all employees for whose benefit the Funds were established, have requested Defendant to submit its books and records for an audit as provided for in the Funds' Trust Agreement, which is incorporated into the Bargaining Agreement, but Defendant has refused and failed to perform as herein alleged.

11. Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of his obligations required under the Collective Bargaining Agreement and the Trust Agreement, and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiff prays:

(a) That Defendant be compelled to produce such books and records as are required by Plaintiff's auditors, and to pay to Plaintiff any amounts found due and owing in accordance with the applicable provisions of its Collective Bargaining Agreement.

(b) That Defendant be compelled to account to Plaintiff for contributions due as aforesaid and to pay to Plaintiff any amount found due and owing in accordance with the applicable provisions of its Collective Bargaining Agreement.

(c) That Plaintiff be awarded its costs, including reasonable attorney's fees

        incurred in the prosecution of this action as provided in the Collective Bargaining Agreement and under the applicable provisions of ERISA, as amended.

(d)     That interest and/or liquidated damages be assessed against Defendant as provided in the Collective Bargaining Agreement and the applicable provisions of ERISA, as amended.

(e)     For such other and further relief as the Court may determine just and proper.

/s/ Robert B. Greenberg
Asher, Gittler & D'Alba, Ltd.
200 West Jackson Boulevard, Suite 1900
Chicago, Illinois 60606
(312) 263-1500
Fax: (312) 263-1520
rbg@ulaw.com
IL ARDC#: 01047558